**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SHANNON McDANIEL, | ) | CASE NO. 3:22-cv-02051 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN RYAN WALTERS, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 15). Petitioner Shannon McDaniel, represented by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 14, 2022, raising two grounds for relief. (R. 1). On December 27, 2022, the Magistrate Judge stayed this case. (R. 7). On April 25, 2024, Petitioner filed a  Notice indicating the Ohio Supreme Court had ruled upon all claims that had not yet been exhausted. (R. 8).

After the State filed the Return of Writ (R. 10) and Petitioner responded with a Traverse (R. 14), the Magistrate Judge's issued a subsequent Report and Recommendation (R&R) that recommends dismissing the petition as without merit. (R. 15). Petitioner, through counsel, filed objections to the R&R, after receiving an extension of time. (R. 17).

Petitioner's objections are overruled and the R&R is adopted, for the reasons set forth herein.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. Regarding Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 75330, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted).

## II. Procedural History

Petitioner's objections do not object to the procedural history set forth in the Magistrate Judge's R&R. The Court adopts the procedural history set forth therein and deems it incorporated into this decision. Generally, on April 3, 2020, a Special Assistant Prosecuting Attorney for Darke County, Ohio filed a Bill of Information against Petitioner alleging fourteen counts of sexual battery in violation of Ohio Revised Code §§ 2907.03(A)(1) and (B), all against the same victim—his adopted daughter from the Ukraine, followed by an Amended Bill of Information, docketed on June 2, 2020, alleging fourteen counts of sexual battery in violation of Revised Code §§ 2907.03(A)(5) and (B). (R. 10-1, PageID# 63-77). On June 16, 2020, after waiving prosecution by indictment, Petitioner signed a Waiver of Constitutional Rights Prior to Entering a Guilty Plea and a Negotiated Plea Agreement, and he pleaded guilty to each charge in the Amended Bill of Information. (R. 10-1, PageID# 79-86, 90-92). Petitioner was sentenced to a term of twelve months of incarceration on each count, to be served consecutively, resulting in an aggregate term of fourteen years of incarceration. *Id*. at PageID# 94.

## III. Analysis

### A. Ground One: Alleging Ineffective Assistance of Counsel

In Ground One, Petitioner argues he received ineffective assistance of trial counsel because counsel "failed to apprise the court of [Mr. McDaniel's] medical condition making the criminal activity impossible." (R. 1, PageID# 4).

The R&R correctly identified the *Strickland v. Washington*, 466 U.S. 668 (1984) standard that applies to claims of ineffective assistance of counsel and to challenges to guilty pleas based on ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). (R. 15, PageID# 424-26). The Court agrees with the R&R's determination that Petitioner has failed to

establish that either his guilty plea was involuntary, unintelligent, or unknowing or that his attorney's performance was constitutionally deficient. (R. 15, PageID# 426).

Although Petitioner's objection is not altogether clear, the Court considers Petitioner's arguments but finds no error in the R&R. From the conclusory assertion that the R&R relied on "the state court's puzzling determination" (R. 17, PageID# 442) to Petitioner's indication that he "would disagree and object to the finding that this state court finding was correct and reasonable" (R. 17, PageID# 443), Petitioner fails to identify any error in the R&R's application of the law. As stated above, general objections that merely restate the objecting parties' previous argument and voice mere disagreement with a magistrate judge's suggested resolution—have "the same effects as would a failure to object." *Austin*, 2021 U.S. Dist. LEXIS 75330, 2021 WL 1540389 at *4; *see also United States v. Dawson*, 2020 U.S. Dist. LEXIS 3578, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.") In other words, Plaintiff has not identified any deficiency in the Magistrate Judge's application of clearly established law or precedent, but merely contends that the Magistrate Judge reached an incorrect conclusion.

Moreover, Petitioner's own objections admit that he adopted a teenage girl from Ukraine and, that he engaged in sex with his adopted daughter. (R. 17, PageID# 437). However, Petitioner claims that "[i]n the Spring of 2016, based on stress, health, and other issues, he developed erectile dysfunction. From the Spring of 2016 until the spring of 2018, he was only able to have sex a few times with incredible difficulty. From the Spring of 2018 until October 2018, he was completely impotent and could not have sex with anyone until he was prescribed Viagra in July 2018." *Id*. Petitioner asserts that two of his doctors and his wife have provided

4

documentary evidence to support his allegation that he suffered from erectile dysfunction. *Id*.

The R&R found as follows:

> Mr. McDaniel has also not sufficiently alleged or shown the requisite deficient performance under *Strickland* or prejudice under *Hill*—that evidence of his claimed impotency during "spring to October 2018" would have caused his counsel to change the recommendation to plead guilty or that had his counsel allegedly not failed to investigate this issue (which was obviously known to Mr. McDaniel at the time), Mr. McDaniel would have rejected the plea bargain and gone to trial. Indeed, as the Second District noted, a conviction for sexual battery can be based on conduct other than vaginal intercourse, including fellatio, cunnilingus, and inserting any bodily part [or] object into the victim's vagina or anus, making his claimed erectile dysfunction non-dispositive of his ability to engage in other forms of prohibited sexual conduct.

(R. 15, PageID# 427) (citing O.R.C. § 2907.01(A)).

Petitioner's alleged impotence or inability to sustain an erection are irrelevant. As Petitioner's current counsel surely is aware, and as trial counsel was undoubtedly aware, the applicable sections of the Ohio Revised Code prohibiting sexual battery (prior to March 21, 2025) stated as follows: "No person shall engage in sexual conduct with another when any of the following apply; … The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." O.R.C. § 2907.03(A)(5). While the statutory definition of "Sexual conduct" includes "vaginal intercourse between a male and female" as well as "anal intercourse," it also includes activities that do not necessarily require an erection such as "fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." O.R.C. § 2907.01(A). Finally, a flaccid or only partially erect penis does not preclude vaginal or anal intercourse, as the statutory definition states that "[p]enetration, however slight, is sufficient to complete vaginal or anal intercourse." O.R.C. § 2907.01(A).

Thus, the very foundation of Petitioner's argument—that he could not have committed sexual battery while experiencing erectile dysfunction—does not preclude his ability to satisfy the elements of the crime. This renders his argument—that trial counsel was ineffective—frivolous. The Court adopts the R&R's well-reasoned determination of ground one.

**B.      Ground Two: Due Process**

In Ground Two, Petitioner alleges he was denied due process "when he waived his constitutional rights and entered admissions to crimes he could not have committed." (R. 1, PageID# 6). Ground Two essentially repackages Petitioner's argument from Ground One, but as a due process violation. It again fails, as alleged impotence and an alleged inability "to perform sexually" do not preclude committing a sexual battery.

The R&R correctly recognized shortcomings in petitioner's argument, and found as follows:

> For the reasons described above, a review of the record discloses that even if Mr. McDaniel was impotent during part of the period covered by the Bill of Information, he was not impotent during the entire period. And even if he were unable to have sexual intercourse, he could have engaged in other forms of prohibited sexual conduct with the victim, including by causing her to perform oral sex on him, as she specifically described during the sentencing hearing. (ECF #11-1 at PageID 370). As a result, his claim that he admitted to crimes he could not have committed and thereby was deprived of due process does not withstand scrutiny.

(R. 15, PageID# 429).

Here too, Petitioner's objections to the R&R lack clarity. But it appears he suggests he was untruthful when he pleaded guilty in open court and was merely "parroting what his counsel advised him to say…." (R. 17, PageID# 445). This contention fails to provide a basis for habeas relief.

The Court adopts the R&R's well-reasoned determination of Ground Two.

6

### IV. Conclusion

The Court has carefully reviewed the Report and Recommendation and Petitioner's objections in accordance with the aforementioned standard, finds no error, and agrees with the findings set forth in the Report and Recommendation. The Court agrees that Petitioner's alleged grounds for relief are meritless.

The Magistrate Judge's Report and Recommendation (R. 15) is hereby ADOPTED and Petitioner's objections are overruled. The matter is hereby DISMISSED.

Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: March 9, 2026                      *David A. Ruiz*

                                       David A. Ruiz
                                       United States District Judge